IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADRIA MOORE,

    Petitioner,

v.                                                                       4:08CV86-WS/AK

WALTER A. MCNEIL,

    Respondent.

_____/

## ORDER

This cause is before the Court on Petitioner's § 2254 petition. Doc. 1. In his habeas corpus petition, Petitioner sets forth a variety of claims, *see id.* at 1, "Claims of Grounds," but the Court cannot tell whether any of these claims have been exhausted in state court, though Petitioner candidly acknowledges that he does not want the lower court to consider a post-conviction motion on his behalf. *See id.*, Ex. 2.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28

U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

Although Petitioner has not pursued post-conviction relief, he did take a direct appeal from his conviction and sentence, and thus, he may have exhausted some of his claims by that avenue. However, because it is not clear which claims, if any, have been exhausted, Petitioner must now amend his petition on the form which will be provided to him by the Clerk. In completing the § 2254 form, Petitioner is reminded that the petition must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested; be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242. § 2254 Rule 2(c)(1)-(5); *see also* N.D. Fla. Loc. R. 5.1(J)(3) (petition should not make reference to memorandum but must set forth claims and facts on form). The amended petition must be filed in its entirety, incorporating all amendments, as matters not set forth in the amended petition are deemed abandoned. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

That the Clerk shall forward to Petitioner four § 2254 forms;

That no later than **May 12, 2008**, Petitioner shall file a "Second Amended Petition" as explained in this order, along with two identical copies including any exhibits or attachments. He shall also keep an identical copy for his records;

**That failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of**

**this court.**

       **DONE AND ORDERED** this 3rd day of April, 2008.

                          S/A. Kornblum
                          **ALLAN KORNBLUM**
                          **UNITED STATES MAGISTRATE JUDGE**