**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ADRIA MOORE,**

       **Petitioner,**

v.                                    **CASE NO. 4:08CV86-WS/AK**

**WALTER MCNEIL,**

       **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition. Doc. 15. In his petition, Petitioner charges that his speedy trial rights were violated. None of Petitioner's claims have been exhausted in state court. It appears that, after being found not guilty of one charge, Petitioner pled *nolo contendere* to two other charges and was placed on probation. Doc. 1 at 51. Apparently, Petitioner violated the terms of his probation, and the court sentenced him to 7 years imprisonment on one count and 5 years on the other, to run concurrently. *Id*. at 57. The judgment was affirmed on appeal on August 14, 2007. *Moore v. State*, 961 So.2d 939 (Fla. Dist. Ct. App. 2007).

On or about October 23, 2007, Petitioner filed a petition for a writ of habeas corpus in the Florida Supreme Court. The supreme court promptly transferred the

matter to the Circuit Court of Gadsden County "for consideration as a motion for postconviction relief filed pursuant to Florida Rule Criminal Procedure 3.850." Doc. 15, Ex. 1. On February 8, 2008, Petitioner filed a "Motion to Withdraw Writ of Habeas Corpus." Doc. 15, Ex. 2. The basis of this motion, in part, was that the court was "Prejudice to Prejudgment...." *Id.* On February 14, 2008, the lower court construed the habeas petition as a Rule 3.850 motion for post-conviction relief and dismissed it without prejudice to allow Petitioner to file an amended motion for Rule 3.850 relief. Doc. 15, Ex. 3. When Petitioner did not file an amended motion, the court dismissed the case with prejudice. Doc. 15, Ex. 4. At that time, the court advised Petitioner that he had 30 days to appeal the ruling. *Id.* That time period expired on June 5, 2008, without Petitioner taking further action in state court.

The original petition for writ of habeas corpus was filed in this Court on or about February 25, 2008. Doc. 1.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has not availed himself of his available state court remedies, as he refused to file an amended 3.850 motion, and he cannot claim that there are circumstances in the state court which render the 3.850 process ineffective to protect his rights when he certainly can take action in state court to challenge the court's partiality if has evidence that the court is "Prejudice to Prejudgment." Furthermore, it is unlikely that the state court would refuse to entertain a second or successive Rule 3.850 motion since Florida case law generally prohibits the post-conviction court from dismissing a motion as successive where there was no prior decision on the merits. *See*, *e.g.*, *Crescenzo v. State*, 987 So.2d 150 (Fla. Dist. Ct. App. 2008) (successive motion raising same grounds as prior motion may not be dismissed if those grounds were not previously adjudicated on merits, even if prior dismissal was with prejudice).

If Petitioner acts promptly to file his motion for post-conviction relief in state court, he will not have any issues regarding the timeliness of another petition in this Court, as the time for filing here is tolled during the pendency of a properly filed motion for post-conviction relief in state court. 28 U.S.C. §2244(d)(2). However, if he does not act promptly, the one-year period for seeking relief here will continue to run, and he will most likely then be barred from seeking further relief in this Court. *See Day v. Hall*, 528 F.3d 1315 (11th Cir. 2008) (time during which habeas petition is pending in federal court does not toll one-year limitations period under AEDPA).

Having carefully considered the matter, the undersigned recommends that the instant petition be dismissed for failure to exhaust.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's third amended petition for writ of habeas corpus, Doc. 15, be **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of October, 2008.

S/A.Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.